NO. 07-12-00183-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 15, 2012

---

IN THE INTEREST OF I.G., I.G. AND I.G., CHILDREN

---

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-546,197; HONORABLE PAULA LANEHART, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellants, David and Sandra,[1] appeal a judgment that was based on a jury verdict that terminated the parental rights of both David and Sandra to each of their three children.  The judgment included findings that Sandra had committed acts under Texas Family Code section 161.001(1)(D), (E), (L), and (O), while finding that David had committed acts under section 161.001(1)(D), (E), and (O).  The judgment also found that termination of the parental rights of both parents was in the children's best interest.  We will affirm.

---

[1] To protect the identities of the minor children involved in this parental rights termination case, the parents will be referred to as "David" and "Sandra" while the oldest child will be referred to as "I.G.-1," the middle child as "I.G.-2," and the youngest child as "I.G.-3."  See TEX. R. APP. P. 9.8(b)(2).

Background

In January of 2009, appellee, the Texas Department of Family and Protective Services (Department), was notified that I.G.-2, who was six months old at the time, had been treated for two broken legs. X-rays revealed that the child had fractures of the tibia and fibula of both legs. After initially providing multiple accounts of how I.G.-2 sustained this injury, Sandra eventually signed a formal written statement in which she admitted that she had forced the child into a walker in a manner which bent his legs back toward his body. Sandra, who was estranged from David at the time of these events, agreed to place the children[2] with a relative. Soon after this placement, the relative surrendered the children to the Department. After the children were surrendered, the Department sought an emergency removal and placed the children in foster care.

The reason that David and Sandra were estranged at the time of I.G.-2's injuries was because of a domestic violence incident that occurred in December of 2008. Sandra's parents took her out to celebrate her birthday while David stayed home with the children. While Sandra was away, David became intoxicated. Sandra returned home, also intoxicated. The couple began arguing and, according to Sandra's report at the time,[3] David struck Sandra in the head with a bed post. The police were called to

---

[2] At this time, I.G.-3 had not been born.

[3] At the termination hearing, Sandra testified that she had lied about the domestic violence incident because she had grown bored of David and wanted to separate from him, but she knew that he would object to her leaving with the children.

the couple's home where David was arrested. An emergency protective order was issued prohibiting David from having contact with Sandra or the children for sixty days.

Sandra ultimately pled guilty to the criminal offense of reckless injury to a child relating to I.G.-2's January 2009 leg injuries. In accordance with a plea bargain, Sandra was found guilty of the offense and sentenced to ten years incarceration which was probated for a period of eight years. Sandra's probation officer testified at the termination hearing that Sandra had committed several technical violations of the terms and conditions of her probation.

In February of 2009, the Department filed a petition seeking termination of David's and Sandra's parental rights to I.G.-1 and I.G.-2. This case resulted in the entry of an Agreed Final Order in July of 2010. In the agreed order, the Department was appointed permanent managing conservator of I.G.-1 and I.G.-2 with David and Sandra appointed possessory conservators. The Department's pleadings seeking termination of appellants' parental rights were dismissed without prejudice on the basis of the Department's notice of nonsuit.

Soon after she was born, I.G.-3 was removed by the Department and, in December of 2010, the Department filed a petition seeking termination of David's and Sandra's parental rights to I.G.-3. In March of 2011, the Department filed a second petition seeking termination of David's and Sandra's parental rights to I.G.-1 and I.G.-2. As a result of temporary orders issued in relation to each of these proceedings, David and Sandra were ordered to comply with the Department's Family Service Plan. Eventually, Trace Blakely, the foster care provider for each of the three children, filed a

petition to intervene in the termination proceedings. The trial court granted Blakely's intervention request, and consolidated the two termination proceedings.

The Department's termination proceedings were tried before a jury from October 31 to November 7 of 2011. As a result of this trial, the jury returned a verdict finding that Sandra had engaged in conduct identified in Texas Family Code section 161.001(1)(D), (E), (L), and (O), and that termination of Sandra's parental rights would be in the best interest of the children. The jury also returned a verdict finding that David had engaged in conduct identified in Texas Family Code section 161.001(1)(D), (E), and (O), and that termination of David's parental rights would be in the best interest of the children. On April 23, 2012, the trial court entered a judgment accepting the jury's findings and terminating David's and Sandra's parental rights to the children. By a joint notice, David and Sandra appealed.[4]

David's sole issue on appeal contends that the evidence presented at trial was legally and factually insufficient to support the jury's verdict terminating the parent-child relationship between David and the children. Sandra's appointed counsel has filed a motion to withdraw and a brief in support thereof which renders her professional opinion that any issue that she could raise on appeal is frivolous and without merit. See Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

---

[4] While David and Sandra filed a joint notice of appeal, the trial court subsequently appointed separate counsel for each. As such, the issues presented and the arguments asserted by each parent will be addressed separately.

Applicable Law and Standards of Review

The natural right existing between parents and their children is of constitutional dimensions. Holick v. Smith, 685 S.W.2d 18, 20 (Tex. 1985); see Santosky v. Kramer, 455 U.S. 745, 758–59, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). A decree terminating this natural right is complete, final, irrevocable, and divests for all time that natural right as well as all legal rights, privileges, duties, and powers between the parent and child except for the child's right to inherit. Holick, 685 S.W.2d at 20. That being so, we are required to strictly scrutinize termination proceedings. In re G.M., 596 S.W.2d 846, 846 (Tex. 1980). However, parental rights are not absolute, and the emotional and physical interests of a child must not be sacrificed merely to preserve those rights. In re C.H., 89 S.W.3d 17, 26 (Tex. 2002).

The Texas Family Code permits a court to terminate the parent-child relationship if the petitioner establishes (1) one or more acts or omissions enumerated under section 161.001(1), and (2) that termination of the parent-child relationship is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012);[5] Holley v. Adams, 544 S.W.2d 367, 370 (Tex. 1976) (citing Wiley v. Spratlan, 543 S.W.2d 349, 351 (Tex. 1976)). Though evidence may be relevant to both elements, each element must be proven, and proof of one does not relieve the burden of proving the other. See In re C.H., 89 S.W.3d at 28. While both a statutory ground and best interest of the child must be proven, only one statutory ground is required to terminate parental rights under section 161.001. In re A.V., 113 S.W.3d 355, 362 (Tex. 2003). Therefore, we will affirm

_____

[5] Further reference to the Texas Family Code will be by reference to "section ___" or "§ ___."

5

the trial court's order of termination if legally and factually sufficient evidence supports any one of the grounds found in the termination order, provided the record shows that it was also in the best interest of the child for the parent's rights to be terminated.  See id.

Due process requires the application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights.  In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002); see § 161.206(a) (West 2008).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  § 101.007 (West 2008).  This standard, which focuses on whether a reasonable jury could form a firm belief or conviction, retains the deference a reviewing court must have for the factfinder's role.  In re C.H., 89 S.W.3d at 26.

In reviewing the legal sufficiency of the evidence supporting an order terminating parental rights, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction as to the truth of the allegations sought to be established.  In re J.F.C., 96 S.W.3d at 266.  "To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so."  Id.  In other words, we will disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.  Id.

6

When reviewing the factual sufficiency of the evidence supporting a termination order, we determine "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the [Department]'s allegations." In re C.H., 89 S.W.3d at 25. In conducting this review, we consider whether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. In re J.F.C., 96 S.W.3d at 266. "If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient." Id.

## Termination of David's Parental Rights

By his sole issue, David contends that the evidence presented at trial was legally and factually insufficient to support the jury's verdict to terminate the parent-child relationship between David and his children. In his argument of this issue, David contends that evidence of one disputed incident of domestic violence is not sufficient to establish that he knowingly placed or allowed his children to remain in conditions which endangered their physical or emotional well-being, or engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children's physical or emotional well-being. Further, while David admits that he did not fully comply with the requirements of a court order, he contends that he substantially complied with those requirements. Finally, David contends that the evidence presented at trial was not sufficient to establish that termination of his parental rights is in the best interest of his children.

7

Termination of a parent's rights to a child requires proof of both one or more acts or omissions enumerated under section 161.001(1), and that termination of the parent-child relationship is in the best interest of the child. § 161.001; Holley, 544 S.W.2d at 370. While both a statutory ground and best interest of the child must be proven, only one statutory ground is required to terminate parental rights under section 161.001. In re A.V., 113 S.W.3d at 362. We will specifically address the sufficiency of the evidence to support the jury's findings under section 161.001(1)(D) and (E), section 161.001(1)(O), and the best interest of the children.

Section 161.001(1)(D) and (E)

The jury found that David knowingly placed or allowed his children to remain in conditions which endangered the physical or emotional well-being of the children. See § 161.001(1)(D). The jury also found that David engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the children's physical or emotional well-being. See § 161.001(1)(E).[6] David challenges the legal and factual sufficiency of the evidence to support the jury's findings on these grounds for termination. Specifically, he contends that one contested incident of domestic violence is insufficient evidence to establish the statutory grounds for termination found in section 161.001(1)(D) and (E).

---

[6] The evidence concerning these two statutory grounds for termination is interrelated and, therefore, we will consolidate our review of the evidence supporting these jury findings. See In re D.C., 128 S.W.3d 707, 716 (Tex.App.—Fort Worth 2004, no pet.).

8

Endanger means to expose to loss or injury or to jeopardize. Tex. Dep't of Human Servs. v. Boyd, 727 S.W.2d 531, 533 (Tex. 1987). While endanger means more than a threat of metaphysical injury or the possible ill effects of a less-than-ideal family environment, it is not necessary that the conduct creating the endangering conditions be directed at the child or that the child actually suffer harm. Id. "[A]busive or violent conduct by a parent . . . can produce an environment that endangers the physical or emotional well-being of a child within the ambit of section [161.001](1)(D)." D.O. v. Tex. Dep't of Human Servs., 851 S.W.2d 351, 354 (Tex.App.—Austin 1993, no writ) (quoting In re B.R., 822 S.W.2d 103, 106 (Tex.App.—Tyler 1991, writ denied)). If a parent abuses or neglects the other parent or a child, that conduct can be used to support a finding of endangerment even against a child who was not yet born at the time of the conduct. In re C.J.F., 134 S.W.3d 343, 351 (Tex.App.—Amarillo 2003, pet. denied) (citing In re W.J.H., 111 S.W.3d 707, 716 (Tex.App.—Fort Worth 2003, pet. denied)). Furthermore, a parent's failure to remove himself and his children from a violent relationship endangers the physical or emotional well-being of the children. See In re M.R., 243 S.W.3d 807, 818-19 (Tex.App.—Fort Worth 2007, no pet.); Sylvia M. v. Dallas Cnty. Child Welfare Unit of the Tex. Dep't of Human Servs., 771 S.W.2d 198, 203-04 (Tex.App.—Dallas 1989, no writ).

In assessing the legal sufficiency of the evidence to support the jury's findings under section 161.001(1)(D) and (E), we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that David knowingly placed or allowed his children to remain in conditions, or engaged in conduct or knowingly placed the children with

9

persons who engaged in conduct, which endangered the physical or emotional well-being of the children. See § 161.001(1)(D), (E); See In re J.F.C., 96 S.W.3d at 266. When the evidence in this case is viewed through this prism, the jury heard evidence that David had committed an act of domestic violence against Sandra by striking her in the head with a bed post. Furthermore, the jury heard evidence that David admitted that he had been ticketed or arrested on at least ten occasions for public intoxication, and that David was intoxicated on the night that the domestic assault incident occurred. See In re A.B., 125 S.W.3d 769, 776 (Tex.App.—Texarkana 2003, pet. denied) (citing In re S.D., 980 S.W.2d 758, 763 (Tex.App.—San Antonio 1998, pet. denied), for the proposition that a history of drug and alcohol abuse lends itself to an unstable home environment and weighs in favor of termination of parental rights). Dr. Wilbanks, one of the therapists that counseled David, testified that she had personally witnessed David having trouble controlling his anger. Finally, the jury heard evidence that, even though Sandra had pled guilty to injuring I.G.-2 in a manner that caused multiple fractures to each of the child's legs, David intended to remain with Sandra as a couple. When viewed in the light most favorable to the jury's verdict, we conclude that this evidence is sufficient to have allowed a reasonable jury to have formed a firm belief or conviction that David placed his children in conditions or engaged in conduct which endangered their physical and emotional well-being.

In assessing the factual sufficiency of the evidence to support the jury's findings under section 161.001(1)(D) and (E), we review all of the evidence to determine whether the disputed evidence is such that a reasonable factfinder could not have resolved the disputed evidence in favor of its finding. See In re J.F.C., 96 S.W.3d at

266. In this analysis, we recognize that the jury heard testimony, including testimony from Sandra, that the domestic violence incident did not actually occur. Consequently, testimony regarding whether the incident of domestic violence occurred was in conflict, and it is the jury that is afforded the sole discretion to resolve such evidentiary conflicts. See Walker v. Ricks, 101 S.W.3d 740, 749 (Tex.App.—Corpus Christi 2003, no pet.); Corpus Christi Area Teachers Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex.App.—San Antonio 1991, no writ). Furthermore, David does not raise any challenge to the evidence of his alcohol abuse, anger issues, or intent to remain in a relationship with Sandra. Considering all of the record evidence in a neutral light, we conclude that the evidence is such that the jury could reasonably form a firm belief or conviction of its findings of the statutory grounds for termination under section 161.001(1)(D) and (E). See In re C.H., 89 S.W.3d at 25.

Section 161.001(1)(O)

The jury also found that David failed to comply with the provisions of a court order that specifically established the actions necessary for David to obtain the return of his children who have been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from David for the abuse or neglect of the children. See § 161.001(1)(O). David challenges only the sufficiency of the evidence to support the finding that he did not comply with the provisions of a court order.[7] While he admits that he did not fully comply with the requirements of the court's order, David contends that his substantial compliance was

---

[7] David does not challenge the sufficiency of the evidence regarding the other elements under section 161.001(1)(O).

11

sufficient and should preclude a finding under section 161.001(1)(O). However, this Court has consistently held that, "termination under subsection (O) does not allow for consideration of excuses for noncompliance nor does it consider 'substantial compliance' to be the same as completion." In re J.R., No. 07-12-0115-CV, 2012 Tex.App. LEXIS 7748, at *12 (Tex.App.—Amarillo Sept. 11, 2012, no pet. h.) (mem. op.) (citing In re M.C.G., 329 S.W.3d 674, 675-76 (Tex.App.—Houston [14th Dist.] 2010, pet. denied)); see also In re K.B., No. 07-11-0503-CV, 2012 Tex.App. LEXIS 3877, at *9-10 (Tex.App.—Amarillo May 16, 2012, no pet.) (mem. op.); In re Y.G., No. 07-11-00349-CV, 2012 Tex.App. LEXIS 1572, at *14 (Tex.App.—Amarillo Feb. 29, 2012, no pet.) (mem. op.); In re D.S.C. V, No. 07-11-0287-CV, 2011 Tex.App. LEXIS 9551, at *5-6 (Tex.App.—Amarillo Dec. 6, 2011, no pet.) (mem. op) (per curiam).

Based on David's admission that he failed to fully comply with the provisions of a court order that specifically established the actions necessary for David to obtain the return of his children, which is supported by record evidence, we conclude that the evidence is both legally and factually sufficient to support the jury's finding under section 161.001(1)(O).

Best Interest of the Children

The jury also found that termination of the parent-child relationship between David and his children is in the best interest of the children. David challenges the legal and factual sufficiency of the evidence to support the jury's finding on the children's best interest. Specifically, David contends that he comes from a difficult upbringing, but has made "tremendous efforts" to improve his parenting skills, and that the evidence

presented by the Department is insufficient to overcome the strong presumption that his children's best interests are served by keeping them with their natural parent. See §§ 153.131(b), 153.191, 153.252 (West 2008); Herrera v. Herrera, 409 S.W.2d 395, 396 (Tex. 1966); In re U.P., 105 S.W.3d 222, 230 (Tex.App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).

To overcome the presumption that the best interest of a child is served by keeping the child with its natural parents, the Texas Supreme Court has identified several factors relevant to the consideration, namely: (1) the desires of the child; (2) the emotional and physical needs of the child now and in the future; (3) the emotional and physical danger to the child now and in the future; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans for the child by these individuals or by the agency seeking custody; (7) the stability of the home or proposed placement; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. Holley, 544 S.W.2d at 371-72. The burden of proving that termination is in the children's best interest is on the Department, but the Department need not present evidence relevant to all nine Holley considerations as a condition precedent to termination. See In re C.H., 89 S.W.2d at 27. In examining the best interest of the child, we may consider evidence that was also probative of the predicate act or omission. See id. at 28.

13

The children in the present case are too young to articulate their own desires. However, the jury heard the testimony of Dr. Wilbanks that the children were bonded to their foster care provider, Blakely, while there was no bonding demonstrated between David and the children. Additionally, the jury heard evidence that certain behavioral issues that I.G.-1 and I.G.-2 exhibited while with David and Sandra have been resolved or alleviated since the children have been placed with Blakely.

The need for permanence is a paramount consideration for a child's present and future physical and emotional needs. In re A.P.S., No. 07-11-00476-CV, 2012 Tex.App. LEXIS 4040, at *22 (Tex.App.—Amarillo May 21, 2012, no pet.) (mem. op.) (citing Dupree v. Tex. Dep't of Protective & Regulatory Servs., 907 S.W.2d 81, 87 (Tex.App.—Dallas 1995, no writ)). In considering whether a parent can provide for the present and future needs of a child and whether a parent poses a future danger to a child, evidence of prior conduct is inferential evidence of a parent's future conduct. May v. May, 829 S.W.2d 373, 377 (Tex.App.—Corpus Christi 1992, writ denied) (op. on reh'g); see Ray v. Burns, 832 S.W.2d 431, 435 (Tex.App.—Waco 1992, no writ) ("Past is often prologue."). In the present case, the jury heard evidence that David had committed an act of domestic violence against Sandra, abuses alcohol to such an extent that he has been ticketed or arrested for public intoxication on ten occasions, has trouble controlling his anger, and intends to remain in a relationship with Sandra even though she has pled guilty to causing I.G.-2 serious bodily injury. Additionally, David testified that, if Sandra's community supervision were to be revoked, he would only be able to take care of the children if he received the assistance of a neighbor.

14

Evidence was presented that David availed himself of many of the programs that are offered by the Department. However, there was also evidence presented that those programs appeared to be having minimal impact on David's ability to act in the best interests of the children. Specifically, Dr. Wilbanks testified that David and Sandra had made minimal progress in parenting even after both participated in parenting classes over the course of three years. Dr. Wilbanks also testified that David still has trouble controlling his anger even after completing anger management classes. Consequently, the evidence raised questions as to the efficacy of the programs available to assist David.

The Department's plan for the children is to seek adoption for the children if the parental rights of David and Sandra are terminated. In its opening and closing arguments, the Department indicated that it would assist Blakely in adopting the children if David's and Sandra's parental rights were terminated. The evidence established that Blakely and the children have bonded, and that certain behavioral issues that the children exhibited while with David and Sandra had been resolved or alleviated since the children have been placed with Blakely. Blakely testified that, if the parental rights of David and Sandra are terminated, she intends to adopt all three of the children. We do acknowledge, however, that there was evidence that Blakely allows her mother to watch the children on occasion, even though Blakely's mother physically abused Blakely when Blakely was a child. While this is certainly a concern, it is minimized when compared to David's intent to have the children live with Sandra, who pled guilty to causing serious bodily injury to one of these children.

In assessing the legal sufficiency of the evidence to support the jury's determination that termination of David's parental rights is in the children's best interest, we look at all the evidence in the light most favorable to the jury's best interest finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that termination of David's parental rights would be in the children's best interests. See In re J.F.C., 96 S.W.3d at 266. When we conduct such a review, we see that the evidence established that the children had bonded with Blakely, but not with David; David has problems controlling his anger, which has led to a domestic assault incident; David has a history of alcohol abuse; David has made minimal progress from working Department services; David intends to expose the children to Sandra, even though Sandra has pled guilty to seriously injuring one of the children; and the children are doing very well with Blakely, who intends to adopt the children if David and Sandra's parental rights are terminated. Considering this evidence, we conclude that a reasonable jury would have been able to form a firm belief or conviction that termination of David's parental rights would be in the best interest of the children.

When we consider the factual sufficiency of the evidence to support the jury's best interest determination, we must consider all of the evidence, including the evidence that is contrary to the jury's verdict. See id. This contrary evidence includes the evidence indicating that the domestic violence incident was a fabrication by Sandra; David's testimony that he has not drunk alcohol since 2008, which is supported by the results of drug and alcohol testing; and Blakely's testimony that she allows her mother to occasionally watch the children, even though Blakely testified that her mother physically abused Blakely when she was a child. While we acknowledge that there was

16

conflict in the evidence regarding the domestic violence incident, it is within the exclusive province of the jury to resolve conflicts in the evidence. See Walker, 101 S.W.3d at 749; Hernandez, 814 S.W.2d at 197. Similarly, while there was evidence presented to the jury that would have allowed them to conclude that David no longer abuses alcohol, he testified that he had been ticketed or arrested for public intoxication on ten occasions in the past. See May, 829 S.W.2d at 377; Ray, 832 S.W.2d at 435. Finally, while Blakely's willingness to allow her mother to watch the children on occasion is a concern, the jury had to compare this potential placement with David's expressly stated intent to continue his relationship with Sandra and, thereby, constantly expose the children to a woman that pled guilty to causing serious bodily injury to one of these children. Based on our review of all the evidence, we cannot agree that the jury was unreasonable in forming a firm belief or conviction that terminating David's parental rights to the children is in the children's best interest. See In re C.H., 89 S.W.3d at 27-29.

After reviewing all of the evidence, we conclude that the evidence was both legally and factually sufficient to support the jury's finding that termination of David's parental rights was in the best interest of the children.

Conclusion

Having determined that legally and factually sufficient evidence supported at least one statutory ground for termination of David's parental rights and that termination is in the children's best interest, we overrule David's sole issue on appeal and affirm

that portion of the judgment that terminated the parent-child relationship between David and the children.

## Termination of Sandra's Parental Rights

Sandra's appointed counsel has filed a motion to withdraw and a brief in support thereof which provides her professional opinion that any issue that could be raised on appeal is frivolous and without legal merit. See Anders, 386 U.S. at 744-45. Sandra's counsel states that she has zealously reviewed the record in this matter and can find no arguable points of appeal. Counsel has provided Sandra with a copy of the brief and motion. Counsel has also advised Sandra that she has a right to file a *pro se* response to the Anders brief. This Court has likewise advised Sandra of this right. However, Sandra has not filed a response.

This Court has long held that an appointed attorney in a termination case might discharge his professional duty to his client by filing a brief in conformity with the Anders process. See In re A.W.T., 61 S.W.3d 87, 88-89 (Tex.App.—Amarillo 2001, no pet.) (per curiam). Likewise, other intermediate appellate courts have so held. See Sanchez v. Tex. Dep't of Family and Protective Servs., No. 03-10-00249-CV, 2011 Tex.App. LEXIS 2162, at *1 (Tex.App.—Austin Mar. 24, 2011, no pet.) (mem. op.); In re L.K.H., No. 11-10-00080-CV, 2011 Tex.App. LEXIS 1706, at *2-4 (Tex.App.—Eastland Mar. 10, 2011, no pet.) (mem. op.); In re D.D., 279 S.W.3d 849, 849-50 (Tex.App.—Dallas 2009, pet. denied); In re D.E.S., 135 S.W.3d 326, 326-27 (Tex.App.—Houston [14th Dist.] 2004, no pet.).

We have conducted our own review of the record in this matter and have come to the conclusion that there are no arguable points of appeal relating to the termination of Sandra's parental rights.  See In re A.W.T., 61 S.W.3d at 89.  We, therefore, grant counsel's motion to withdraw.[8]  Having found no arguable points of appeal requiring reversal of the trial court's termination of Sandra's parental rights, we affirm that portion of the judgment of the trial court.

Conclusion

Having overruled David's sole appellate issue and having found no arguable points of appeal relating to the termination of Sandra's parental rights, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice

---

[8] We remind counsel that Sandra has the right to file a *pro se* petition for review to the Texas Supreme Court.