**Opinion filed January 16, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00223-CV

_____

## IN THE INTEREST OF J.C.H. A/K/A J.C.E. AND E.C.H., CHILDREN

**On Appeal from the 29th District Court**

**Palo Pinto County, Texas**

**Trial Court Cause No. C44623**

### M E M O R A N D U M   O P I N I O N

The trial court entered an order terminating the parental rights of the mother and the fathers of J.C.H. a/k/a J.C.E. and E.C.H. The mother appeals. We affirm.

In her sole issue on appeal, the mother asserts that the evidence is legally and factually insufficient to support the termination of her parental rights. The mother specifically challenges the findings that she knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being, that she engaged in conduct or

knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being, and that she failed to comply with the provisions of a court order. The mother does not challenge the best interest finding.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001. In this case, the trial court found that the mother committed three of the acts listed in Section 161.001(1): that the mother knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children; that she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children; and that she failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the children, who had been in the care of the Department of Family and Protective Services for not less than nine months as a result of removal from the parent for abuse or neglect. *See* FAM. § 161.001(1)(D), (E), (O).

The trial court also found that termination was in the children's best interest. *See* FAM. § 161.001(2).

At the time of the final hearing on termination, J.C.H. a/k/a J.C.E. was five years old, and E.C.H. had just turned four. The Department of Family and Protective Services had initially removed the children from their mother's care in February 2012 for neglectful supervision. At that time, the mother was using drugs: opiates and amphetamines. The Department's conservatorship worker, Donna Massey, testified at the termination hearing that the Department prepared a family service plan for the mother. According to Massey, the mother did everything she was required to do to comply with the family service plan except fulfill her substance abuse counseling program, which was a one-year rehab program. She attended the program for only ten months. The mother was informed that she had to complete the program, and the mother agreed to do so. The record shows that, while under the family service plan, the mother passed all of her drug tests.

At the termination hearing, the Department relied upon the mother's failure to comply with the court-ordered service plan as grounds for termination. The Department put on little to no evidence to support termination on the grounds that the mother knowingly placed or knowingly allowed the children to remain in endangering conditions or surroundings or that she engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children.

The mother argues on appeal that she completed and complied with all but one of the requirements of the court-ordered service plan and that her parental rights should not be terminated for failing to complete a small part of one requirement. The mother asserts, "But, upon review of this record in its entirety, termination certainly appears to be a Draconian measure."

While we agree that the mother may have substantially complied with the family service plan, the legislature did not provide for substantial compliance in Section 161.001(1)(O) of the Family Code. Therefore, substantial compliance is not enough to avoid termination under Section 161.001(1)(O). *See In re D.D.*, No. 10-13-00223-CV, 2013 WL 6923980, at *2 (Tex. App.—Waco Dec. 27, 2013, no pet. h.) (mem. op.); *In re I.G.*, 383 S.W.3d 763, 771 (Tex. App.—Amarillo 2012, no pet.); *In re T.T.*, 228 S.W.3d 312, 319–20 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). As this court has previously stated with respect to Section 161.001(1)(O):

> It does not quantify any particular number of provisions of the family service plan that a parent must not achieve in order for the parental rights to be terminated or the degree of a parent's conduct that will be deemed to be a failure to achieve a particular requirement of the plan. The provision also does not encompass an evaluation of a parent's partial achievement of plan requirements to determine whether or not the parent failed to comply with the plan. Lastly, Section 161.001(1)(O) does not "make a provision for excuses" for the parent's failure to comply with the family service plan.

*In re J.S.*, 291 S.W.3d 60, 67 (Tex. App.—Eastland 2009, no pet.).

The undisputed evidence in this case showed that the mother failed to complete the rehab program as required. Thus, we must hold that the Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother failed to comply with the provisions of her family service plan as ordered by the trial court. The evidence also showed that the children had been in the Department's care for at least nine months and that the children had been removed from their mother due to abuse or neglect as required by Section 161.001(1)(O). We hold, therefore, that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(O). The mother's sole issue on appeal is overruled.

We affirm the trial court's order of termination.


JOHN M. BAILEY

JUSTICE


January 16, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.