

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-15-00197-CV
_____

IN THE INTEREST OF A.B., A CHILD

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2014-511,052; Honorable Kara Darnell, Presiding

October 21, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, M.B.,[1] appeals the trial court's order terminating her parental rights to her child, A.B.[2] In presenting this appeal, Appellant's court-appointed counsel has filed an *Anders* brief in support[3] of her motion to withdraw concluding there are no non-

---

[1] To protect the parent's and child's privacy, we refer to Appellant and other parties by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014). *See also* TEX. R. APP. P. 9.8(b).

[2] Four persons failed DNA tests administered to determine fatherhood. The rights of A.B.'s unknown father were also terminated in the proceedings. No appeal was filed.

[3] *Anders v. California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

frivolous issues that could be presented on appeal and that any appeal would be without merit. We affirm and grant counsel's motion to withdraw.

APPLICABLE LAW

The Texas Family Code permits a court to terminate the relationship between a parent and a child if the Department establishes (1) one or more acts or omissions enumerated under section 161.001(b)(1) of the Texas Family Code and (2) that the termination of that relationship is in the best interest of the child. TEX. FAM. CODE ANN. §§ 161.001(b)(1), (2).[4] The burden of proof is by clear and convincing evidence. § 161.206(a) (West 2014). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007 (West 2014).

Only one statutory ground is needed to support termination. *In re K.C.B.*, 280 S.W.3d 888, 894-95 (Tex. App.—Amarillo 2009, pet. denied). Although evidence presented may be relevant to both the statutory grounds for termination and best interest, each element must be established separately and proof of one element does not relieve the burden of proving the other. *See In re C.H.,* 89 S.W.3d 17, 28 (Tex. 2002). In the appellate review of a termination proceeding, the standard of review for sufficiency of the evidence is that discussed in *In re K.M.L.,* 443 S.W.3d 101, 112-13 (Tex. 2013). In reviewing a best interest finding, appellate courts consider, among other evidence, the factors set forth in *Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

---

[4] Effective April 2, 2015, former TEX. FAM. CODE ANN. § 161.001(1) was recodified as § 161.001(b)(1) and § 161.001(2) was recodified as § 161.001(b)(2). *See* Act of March 30, 2015, 84th Leg., R.S., S.B. 219, ch. 1, § 1.078, 2015 Tex. Sess. Law Serv. ___ (West 2015). The recodification did not change the substantive law. For purposes of clarity, we will refer to this section by its recodified number. Unless otherwise designated, all future references to "section" or "§" are references to the Texas Family Code.

BACKGROUND

In April 2014, the Department of Family and Protective Services filed its *Original Petition,* seeking conservatorship of A.B. and termination of M.B.'s parental rights. The basis for removal was M.B.'s neglectful supervision of A.B., including (1) her use of methamphetamines while caring for A.B., (2) her inability to provide a stable residence, (3) bringing unsuitable guests into contact with A.B., and (4) leaving A.B. with inappropriate caregivers for days at a time.[5] M.B. also refused to cooperate with the Department's investigation and attempted to flee after the Department made contact with her.

Thereafter, M.B. failed to comply with actions necessary for the return of her child. That is, she (1) failed to obtain and maintain stable housing, (2) failed to obtain and maintain stable employment, (3) tested positive for amphetamines and methamphetamines numerous times during the proceedings (at least twice when she was pregnant with another child), (4) failed to submit to multiple drug tests requested by the Department, (5) repeatedly changed her residence without timely notifying the Department, (6) failed to attend proceedings and hearings, (7) associated with a boyfriend who had a criminal record for drug involvement, and (8) failed to complete drug counseling.

After a bench trial was initiated in April and continued in May 2015, the trial court found there was clear and convincing evidence that M.B. had knowingly placed or

_____

[5] A.B. was three years old at the time of removal. She has been in foster care since and has bonded with her foster parents who intervened in the termination proceedings. At the trial court's final permanency hearing prior to termination, A.B. was placed with her foster parents and M.B. was granted supervised visitation.

knowingly allowed A.B. to remain in conditions or surroundings that endangered her physical and emotional well-being, § 161.001(b)(1)(D), engaged in conduct or knowingly placed A.B. with persons who engaged in conduct which endangered her physical and emotional well-being, § 161.001(b)(1)(E), and failed to comply with the provisions of a court order that specifically established the actions necessary for the mother to obtain the return of the child. § 161.001(b)(1)(O). The trial court also found termination was in A.B.'s best interest. § 161.001(b)(2).

### ANDERS V. CALIFORNIA

Although the Texas Supreme Court has yet to consider the issue, for many years Texas appellate courts, including this court, have considered the procedures set forth in *Anders v. California*, to be applicable to appeals of orders terminating parental rights. *See In re A.W.T.,* 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversible error.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious analysis of the application of the law to the facts, and discusses why, in her professional opinion, the appeal is frivolous. *See In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998). Counsel has further demonstrated she has complied with the *Anders* requirements by (1) providing a copy of the brief to M.B. and (2) notifying her of her right to file a *pro se* response if she desired to do so. *Id.* By letter, this court also granted her an opportunity to exercise her right to file a response to counsel's brief should she be so inclined. She did not favor us with a response. Neither did the Department favor us with a responsive brief.

ANALYSIS

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues that might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). At the bench trial, the evidence established M.B. failed to comply with many of the material provisions of the court orders requiring compliance to avoid termination of her parental rights. *In re J.F.C.*, 96 S.W.3d 256, 277-79 (Tex. 2002). The record also conclusively establishes A.B. was removed from M.B. under chapter 262 of the Family Code for neglect, and it is undisputed that A.B. was in the Department's custody for more than nine months after removal. *In re E.C.R.*, 402 S.W.3d 239, 248-49 (Tex. 2013). The parental conduct described in subsection 161.001(b)(1)(O) was established as a matter of law, and termination was in A.B.'s best interest. *Id.*

Based on the entire record, we conclude that a reasonable fact finder could have formed a firm belief or conviction that at least one ground for termination existed in compliance with section 161.001(b)(1) and that termination of M.B.'s parental rights was in the child's best interest in accordance with section 161.001(b)(2). We further conclude that counsel reasonably determined there were no non-frivolous issues that could be presented and that any appeal would be without merit. *See In the Interest of I.G.*, 383 S.W.3d 763, 768-69 (Tex. App.—Amarillo 2012, no pet.).

CONCLUSION

After carefully reviewing the appellate record and counsel's brief, we conclude there are no plausible grounds for appellate review. We therefore affirm the trial court's order of termination and grant counsel's motion to withdraw.[6] TEX. R. APP. P. 43.2(a).

Patrick A. Pirtle
Justice

---

[6] Counsel shall, within five days after this opinion is handed down, mail Appellant a copy of the opinion and judgment along with notification of the right to file a *pro se* petition for review under Rule 53 of the Texas Rules of Appellate Procedure.