

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00318-CV

**IN THE INTEREST OF F.M.A.**

From the 436th District Court, Bexar County, Texas
Trial Court No. 2015PA01381
Honorable Charles E. Montemayor, Associate Judge Presiding[1]

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 17, 2016

AFFIRMED

Victoria[2] appeals the trial court's termination of her parental rights to F.M.A. She argues

the evidence is legally and factually insufficient to support the trial court's findings of grounds for

termination and its finding that termination is in F.M.A.'s best interest. We affirm the trial court's

judgment.

### BACKGROUND

The Department of Family and Protective Services filed a petition for conservatorship of

F.M.A. and to terminate Victoria's parental rights. The Department removed F.M.A. from

---

[1] The Honorable Barbara Nellermoe, senior judge sitting by assignment, presided over the trial and rendered the order of termination. However, the final order of termination was signed by Associate Judge Charles E. Montemayor.
[2] To protect the identity of the minor child, we refer to the child's mother by her first name and to the child by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8(b)(2).

Victoria's care based on allegations that Victoria was physically neglecting F.M.A., and thereafter placed F.M.A. with her maternal great grandmother. At the time F.M.A. was removed, Victoria was on probation for aggravated assault with a deadly weapon. The trial court ordered Victoria to comply with each requirement set out in the Department's family service plan during the pendency of the suit. The Department's family service plan required Victoria to "demonstrate an ability to remain drug free."

The case proceeded to a bench trial. The two witnesses who testified were Victoria and the Department's caseworker, Miguelina Wooten. The trial court terminated Victoria's parental rights on the grounds she constructively abandoned F.M.A., failed to comply with the provisions of her court-ordered family service plan, and used a controlled substance in a manner that endangered the child's health and safety. *See* TEX. FAM. CODE ANN. §§ 161.001(b)(1)(N), (O), (P) (West Supp. 2015). The trial court also found that termination of Victoria's parental rights was in F.M.A.'s best interest and appointed the Department as F.M.A.'s permanent managing conservator. Victoria appeals.

## STANDARD OF REVIEW

A judgment terminating parental rights must be supported by clear and convincing evidence. *Id.* § 161.001(b). To determine whether this heightened burden of proof was met, we employ a heightened standard of review to determine whether a "factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). "This standard guards the constitutional interests implicated by termination, while retaining the deference an appellate court must have for the factfinder's role." *In re O.N.H.*, 401 S.W.3d 681, 683 (Tex. App.—San Antonio 2013, no pet.). We do not reweigh issues of witness credibility but defer to the factfinder's reasonable determinations of credibility. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).

A legal sufficiency review requires us to examine the evidence "in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We assume the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could have done so, and we disregard all evidence that a reasonable factfinder could have disbelieved or found incredible. *Id.* But we may not simply disregard undisputed facts that do not support the finding; to do so would not comport with the heightened burden of proof by clear and convincing evidence. *Id.*

When conducting a factual sufficiency review, we evaluate "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *Id.* The evidence is factually insufficient "[i]f, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction." *Id.*

**GROUNDS FOR TERMINATION**

Victoria argues there is legally and factually insufficient evidence to support each of the trial court's three findings of grounds for termination. A finding of only one ground for termination is necessary to support a judgment of termination. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Section 161.001(b)(1)(O) provides a ground for termination when a parent:

> fail[s] to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

TEX. FAM. CODE ANN. § 161.001(b)(1)(O). Clear and convincing evidence of a parent's failure to comply with any requirements of such a plan supplies a ground for termination. *See In re C.M.C.*, 273 S.W.3d 862, 874-75 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

The trial court signed an order appointing the Department as F.M.A.'s temporary managing conservator under chapter 262 based on allegations of physical neglect. The order was signed on July 2, 2015, which was approximately ten months before the May 3, 2016 trial. The order required Victoria to comply with the Department's family service plan. Victoria signed a copy of the plan and it was reviewed and approved by the trial court. One of the plan's requirements was to "demonstrate an ability to remain drug free." Department caseworker Miguelina Wooten testified Victoria "tested positive at the [chapter] 262 [hearing], and then after that she tested positive for methamphetamine." We hold the trial court could have reasonably formed a firm belief or conviction that Victoria failed to demonstrate an ability to remain drug free and thus failed to comply with the provisions of her family service plan. *See In re C.H.*, 89 S.W.3d at 25. Because there is legally and factually sufficient evidence of at least one ground for termination, we need not address Victoria's issues regarding the other grounds for termination. *See In re A.V.*, 113 S.W.3d at 362.

### F.M.A.'S BEST INTEREST

The best-interest determination is a wide-ranging inquiry, and the Texas Supreme Court has set out some factors relevant to the determination:

- the desires of the child;
- the emotional and physical needs of the child now and in the future;
- the emotional and physical danger to the child now and in the future;
- the parental abilities of the individuals seeking custody;
- the programs available to assist these individuals to promote the best interest of the child;
- the plans for the child by these individuals or by the agency seeking custody;
- the stability of the home or proposed placement;

- the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and
- any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976). The list is not exhaustive, and not every factor must be proved to find that termination is in the child's best interest. *In re C.H.*, 89 S.W.3d at 27. Evidence of only one factor may be sufficient for a factfinder to form a reasonable belief or conviction that termination is in the child's best interest—especially when undisputed evidence shows that the parental relationship endangered the child's safety. *Id.* "Evidence that the parent has committed the acts or omissions prescribed by section 161.001 may also be probative in determining the child's best interest; but the mere fact that an act or omission occurred in the past does not *ipso facto* prove that termination is currently in the child's best interest." *In re O.N.H.*, 401 S.W.3d at 684 (internal citation omitted).

When a child is too young to express her desires, the factfinder may consider whether the child has bonded with the foster family, is well-cared for by them, and has spent minimal time with a parent. *In re S.R.*, 452 S.W.3d 351, 369 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Although there was no direct evidence of F.M.A.'s age, Victoria testified F.M.A. had a playpen and a toddler bed, and F.M.A. was about eighteen months old when Victoria was in a car accident that occurred before F.M.A. was removed. Wooten testified the Department placed F.M.A. with her great grandmother. Wooten explained:

> [F.M.A.] was placed there in September of last year and she's doing excellent. All her needs are being met. The great grandmother also adopted two other grandchildren from another granddaughter that lived with her. And she's done very, very well with the child and she's -- all her needs are being met.

Wooten also testified F.M.A.'s placement with her great grandmother was "the best placement for [F.M.A.] . . . [b]ecause she's loved . . . [T]he nine year old plays with her. They love her. They take care of her. They meet all her medical needs. She could not be in a better place. She's with

family." Wooten further testified F.M.A. has bonded with others in the home. The trial court may have properly considered this evidence in determining F.M.A.'s best interest. *See id.*

A history of drug abuse and an inability to maintain a lifestyle free from arrests and incarcerations is relevant to a trial court's best-interest determination. *In re D.M.*, 58 S.W.3d 801, 817 (Tex. App.—Fort Worth 2001, no pet.). Victoria testified she was on probation for aggravated assault with a knife, but because she did not comply with her probation requirements, a warrant was issued for her arrest. She stated that when officers came to arrest her, she lied about her identity and bit one of the arresting officers. Victoria testified that as a result, she was indicted for assault of a public servant and resisting arrest. She was awaiting trial on those charges, and she had been in jail for about six months at the time of this trial. Victoria also testified she had a history of drug abuse. She stated she used heroin once, had been using marijuana for a "long time," and started using methamphetamines "way before" F.M.A. was born, and "right before I got pregnant and after y'all took my daughter." The trial court may have properly considered this evidence in determining F.M.A.'s best interest. *See id.*

Victoria testified that while she was incarcerated, she received individual counseling, attended drug classes, and completed trauma, family-violence, and healthy-relationships classes. She stated her healthy-relationships class helped her "know[] who is good and who is bad for me. Realizing the red flags and being careful, communication [sic]." However, Victoria also testified that while she was incarcerated, she maintained contact with a former paramour who had been arrested for aggravated kidnapping that involved human trafficking. She explained "some people make mistakes or they're involved with the wrong people, but I don't believe that judges who they are." The trial court may have reasonably inferred from this evidence that F.M.A. made minimal progress in her classes. *Cf. In re I.G.*, 383 S.W.3d 763, 773 (Tex. App.—Amarillo 2012, no pet.) (considering parent's minimal progress in completing services in determining child's best interest).

## CONCLUSION

Having reviewed the evidence admitted at trial, we hold the trial court could have reasonably formed a firm belief or conviction that termination of Victoria's parental rights is in F.M.A.'s best interest. *See In re C.H.*, 89 S.W.3d at 25. Because legally and factually sufficient evidence supports the findings required to support a judgment terminating Victoria's parental rights, we affirm the trial court's judgment.

Luz Elena D. Chapa, Justice