

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00578-CV

**IN THE INTEREST OF A.R.R.**, A.R., and A.R, Children

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00486
Honorable Charles E. Montemayor, Judge Presiding[1]

Opinion by:    Marialyn Barnard, Justice

Sitting:        Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: December 12, 2018

AFFIRMED

This is an appeal from an order terminating appellant mother's ("Mother") parental rights to her children, A.R.R., A.R., and A.R.[2] On appeal, Mother contends the evidence is legally and factually insufficient to support certain grounds relied upon by the trial court for termination. We affirm the order of termination.

## BACKGROUND

A detailed factual recitation is unnecessary for the disposition of the appeal. Accordingly, we provide a brief factual and procedural background for context.

---

[1] The Honorable Renée Yanta is the judge of the 150th Judicial District Court, Bexar County Texas. However, the order that is the subject of this appeal was signed by the Honorable Charles E. Montemayor, Associate Judge.
[2] The trial court also terminated the parental rights of the children's father. However, he did not file a notice of appeal and is, therefore, not a party to this appeal.

The Texas Department of Family and Protective Services ("the Department") received a report alleging that Mother was using illegal drugs, specifically crack cocaine and methamphetamines. There was also a report that Mother engaged in a physical confrontation with a maternal aunt. Eventually, the Department filed a petition seeking to terminate Mother's parental rights in the event reunification was unattainable. A service plan was prepared for Mother, and the trial court held the required statutory hearings. A final hearing on the case was held at which a Department supervisor and Mother testified. At the conclusion of the final hearing, the trial court rendered a termination order in which it found Mother: (1) knowingly placed or allowed her children to remain in conditions or surroundings that endangered their physical or emotional well-being; (2) engaged in conduct or knowingly placed her children with people who engaged in conduct that endangered their physical or emotional well-being; (3) constructively abandoned her children; (4) failed to comply with the provisions of a court order that established the actions necessary for her to obtain the return of her children; and (5) used a controlled substance in a manner that endangered the health or safety of her children and failed to complete a court-ordered drug treatment program. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P). The trial court further found termination of Mother's parental rights would be in the best interests of her children. *See id*. § 161.001(b)(2). Thereafter, Mother perfected this appeal.

On appeal, Mother contends the evidence is legally and factually insufficient to support the trial court's findings under sections 161.001(b)(1)(N) and (O) of the Texas Family Code ("the Code"). *See id.* § 161.001(b)(1)(N), (O). Mother has not challenged the sufficiency of the evidence with regard to the trial court's findings under subsections (D), (E), or (P). *See id.* § 161.001(b)(1)(D), (E), (P). Nor has Mother challenged the sufficiency of the evidence to support the trial court's best interest finding. *See id.* § 161.001(b)(2).

**ANALYSIS**

A trial court may terminate a parent's right to a child only if it finds by clear and convincing evidence that the parent committed an act prohibited by section 161.001(b)(1) of the Code and termination is in the best interest of the child. *Id.* § 161.001(b). Only one predicate finding under section 161.001(b)(1) is necessary to support a judgment of termination when there is also a finding that termination is in a child's best interest. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.); *In re O.R.F.*, 417 S.W.3d 24, 37 (Tex. App.—Texarkana 2013, pet. denied). Thus, if multiple predicate grounds are found by the trial court, we will affirm based on any one ground, assuming a proper best interest finding. *In re E.W.*, 494 S.W.3d 287, 292 (Tex. App.—Texarkana 2015, no pet.); *In re I.G.*, 383 S.W.3d 763, 768 (Tex. App.—Amarillo 2012, no pet.); *see In re A.A.T.*, No. 04-16-00344-CV, 2016 WL 7448370, at *10 (Tex. App.—San Antonio Dec. 28, 2016, no pet.) (mem. op.).

As noted above, the trial court found Mother's parental rights should be terminated on the five statutory grounds, specifically those set out in subsections (D), (E), (N), (O), and (P) of section 161.001(b)(1). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (N), (O), (P). The trial court also found termination of Mother's parental rights would be in the best interests of her children. *See id.* § 161.001(b)(2). On appeal, however, Mother challenged only two of the five grounds upon which the trial court based its termination decision — subsection (N) and (O) — and did not challenge the trial court's best interest finding. Mother has, therefore, waived any complaint about the sufficiency of the evidence supporting the findings under sections 161.001(b)(1)(D), (E), and (P), and these findings are sufficient to support termination when coupled with the trial court's unchallenged best interest finding. *See, e.g., In re J.J.S.*, No. 04-17-00747-CV, 2018 WL 1072336, at *2 (Tex. App.—San Antonio Feb. 28, 2018, pet. denied) (mem. op.); *In re B.M.*, No. 14-13-00599-CV, 2013 WL 6506659, at *6 (Tex. App.—Houston [14th Dist.] Dec. 10, 2013, no pet.)

(mem. op.) (citing *Toliver v. Tex. Dep't of Family and Protective Servs.*, 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.)); *In re N.L.D.*, 412 S.W.3d 810, 818 (Tex. App.— Texarkana 2013, no pet.); *In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.). Because only one statutory ground for termination is required to be established and Mother challenged only two of the five grounds found by the trial court and failed to challenge the trial court's best interest finding, we overrule Mother's appellate issues.

## CONCLUSION

Mother has neither contested the sufficiency of the evidence with regard to all of the statutory grounds found by the trial court nor challenged the trial court's best interest finding. Thus, the trial court's termination order is supported by unchallenged grounds on both prongs necessary for termination. Accordingly, we affirm the trial court's order of termination.

Marialyn Barnard, Justice