**AFFIRMED; Opinion Filed April 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01577-CV

## IN THE INTEREST OF J.A.S.C., J.A.L.C., N.D.C, AND G.S.C, CHILDREN

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-12-08960-T**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Fillmore
Opinion by Justice Lang

This is an appeal from a decree, entered pursuant to a mediated settlement agreement (MSA), terminating Father's parental rights to his four children and appointing the Dallas County Child Protective Services Unit of the Texas Department of Family and Protective Services (CPS) as the children's permanent managing conservator.[1]  In two issues, Father asserts the evidence is legally and factually insufficient to support the termination.  We affirm.

### I. BACKGROUND[2]

The children, J.A.S.C., J.A.L.C., N.D.C., and G.S.C., were removed from the home in May 2012 after CPS received three referrals for physical neglect and negligent supervision.  At

---

[1] Mother's parental rights were also terminated, but she is not a party to this appeal.

[2] Because the decree was entered pursuant to an MSA, the evidentiary record is limited and consists only of the prove-up testimony of the CPS caseworker and the children's guardian ad litem.  However, in addition to evidence presented at the hearing, the trial court could also take judicial notice of its own records and prior pleadings in the case with or without a party's request. *See In re Estate of Clark*, 198 S.W.3d 273, 275 (Tex. App.,--Dallas 2006, pet. denied).  The trial court was well aware of the extended duration of this matter, as well as the pleadings and orders in its file. *Id.*  Moreover, in reciting the facts in their briefs, the parties rely on documents contained in the clerk's record.  Accordingly, we also rely on them in providing the background of the case.

the time, J.A.S.C. was three years old, J.A.L.C., was two years old, N.D.C. was eighteen months old, and G.S.C. was three months old. Father and Mother were provided a service plan and ordered to complete parenting classes, individual counseling, and psychological evaluations. Over the next several months, Father and Mother completed the parenting classes and psychological evaluations and attended counseling. The children were gradually returned home between February 2013 and March 2013, and for the next six months, CPS provided in-home counseling and monitored the home. During this time, the parents were to (1) learn and apply "realistic expectations for the age and developmental capabilities" of each child; (2) demonstrate an ability to provide basic necessities for the children such as food, clothing, shelter, medical care, and supervision; and (3) maintain safe housing.

The children were again removed from the home in September 2013. The family had recently moved, and a home visit by the CPS caseworker and the children's guardian ad litem revealed the apartment complex where the family was living was "run down," "dirty," and "unsafe" with visible drug activity. The home visit also revealed a limited supply of food and spoiled milk.

At the trial court's suggestion, the parties mediated the case. The mediation resulted in an MSA which was signed by the parties, their counsel, and the guardian ad litem and which provided that (a) the parents' rights to the children would be terminated on "'O' grounds for failure to fully complete court-ordered services and best interest,"[3] and (b) CPS would be appointed managing conservator of the children. The MSA also provided in relevant part as follows:

> **THE FOLLOWING MEDIATED SETTLEMENT AGREEMENT IS NOT SUBJECT TO REVOCATION AND IS ENTERED INTO PURSUANT TO SECTION 153.0071 OF THE TEXAS FAMILY CODE. THIS**

---

[3] *See* TEX. FAM. CODE ANN. § 161.001(1)(O), (2) (West 2014).

**AGREEMENT IS SIGNED BY EACH PARTY TO THE AGREEMENT AND EACH PARTY'S ATTORNEY WHO IS PRESENT AT THE TIME THE AGREEMENT IS SIGNED. A PARTY IS ENTITLED TO JUDGMENT ON THIS MEDIATED SETTLEMENT AGREEMENT NOTWITHSTANDING RULE 11, TEXAS RULES OF CIVIL PROCEDURE, OR ANOTHER RULE OF LAW.**

1.      All parties agree that this agreement, as forth herein below, is in the best interest of the children the subject of this suit, given the circumstances.

\*\*\*

4.      Each signatory to this settlement has entered into the settlement freely and without duress after having consulted with professionals of his or her choice.

5.      This stipulation is signed voluntarily and with the advice and consent of counsel, if one was appointed or employed, on the dates set out below and subject to the court's approval, and its provisions are intended to be incorporated into a final order.

\*\*\*

20.      **THE PARTIES HERETO AGREE THAT THIS MEDIATED SETTLEMENT AGREEMENT IS BINDING ON SAID PARTIES AND THIS AGREEMENT IS NOT SUBJECT TO REVOCATION.**

The agreement was filed that same day with the court and proved-up the following day. At the prove-up hearing, the CPS caseworker testified that Father and Mother agreed to termination based on the "O" ground and that she believed termination of the Father's and Mother's parental rights was in the children's best interest. She explained both parents had a history of "being evicted," a "chronic pattern of neglect, physical and medical," and a "chronic history of not providing . . . adequate nutrition for the children." She also testified that three of the four children were diagnosed as having "failure to thrive" when they were removed from the home in 2012. Asked about the removal of the children from the home in September 2013, she stated she found no adequate food for the children, the parents had again been evicted, and the apartments where they lived were subsequently condemned.

–3–

Corroborating the caseworker's testimony regarding the removal of the children in September 2013, the children's guardian ad litem also testified that the parents had "no physical or psychological reason" preventing them from working and providing for the children. He agreed with the caseworker that termination of the parents' rights and appointment of CPS as the children's managing conservator was in the children's best interest.

The trial court approved the MSA and entered a decree incorporating the terms of the MSA. Asserting generally that he "was coerced into signing [the MSA] by duress, coercion, intimidation, and threats" and did not believe termination of his rights was in the children's best interest, Father subsequently filed a motion for new trial. The motion was not set for hearing and was overruled by operation of law.

## II. SUFFICIENCY OF THE EVIDENCE

Father's contention, in his two issues, is that the evidence is legally and factually insufficient to support the termination. He asserts that the undisputed evidence showed he completed all required services, and the return of the children to him in February and March 2013 demonstrated improvements in his parenting skills and children's physical well-being. He further asserts the termination was based improperly on his financial problems and difficulty finding stable housing, and that he felt pressure and was under "great duress" when he signed the MSA. In response, CPS argues that the MSA was binding and the trial court was required to follow it.

### A. Applicable Law

#### 1. Mediated Settlement Agreements

Texas has a policy of encouraging "the peaceable resolution of disputes" particularly in disputes involving the parent-child relationship. *In re Lee*, 411 S.W.3d 445, 448 (Tex. 2013) (quoting TEX. CIVIL PRAC. & REM. CODE ANN. § 154.002 (West 2011)). In furtherance of that

–4–

policy, a trial court may refer a suit affecting the parent-child relationship to mediation and, if an MSA is reached, must enter a judgment on the MSA without inquiry into whether the MSA is in the best interest of a child. *See* TEX. FAM. CODE ANN. § 153.0071(c) (West 2014); *Lee*, 411 S.W.3d at 447.

Under section 153.0071 of the Texas Family Code, an MSA "is binding on the parties" if the agreement:

> (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
>
> (2) is signed by each party to the agreement; and
>
> (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

*Id.* § 153.0071(d), (e). A trial court may only decline to enter judgment on an MSA if it finds that a party to the agreement was a victim of domestic violence, the violence impaired the party's ability to make decisions, and the MSA is not in the child's best interest. *Id.* § 153.0071(e-1); *Lee*, 411 S.W.3d at 452.

### *2. Termination*

Parental rights may be terminated only if the court finds by clear and convincing evidence that (1) the parent has committed an act prohibited by section 161.001(1) of the Texas Family Code and (2) termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001 (West 2014). To terminate under section 161.001(1)(O), as the trial court did here, the court must find the parent failed to comply with the provisions of a court order that specifically established the actions the parent needed to take to obtain the return of a child who was removed from the parent as a result of abuse or neglect and was in the permanent or temporary managing conservatorship of CPS for at least nine months. *See id.* § 161.001(1)(O). Termination under "O" does not allow for "consideration of excuses for noncompliance nor does it consider

'substantial compliance' to be the same as completion." *In re I.G.*, 383 S.W.3d 763, 771 (Tex. App.-–Amarillo 2012, no pet.). To determine best interest, the court may consider the *Holley* factors,[4] such as the parental abilities of the person seeking custody and the stability of the home; statutory factors under section 263.307 of the family code, such as the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time; and any other relevant information. *See In re J.J.C.*, 302 S.W.3d 436, 447-48 (Tex. App.-–Houston [14th Dist.] 2009, pet. denied).

### B. Standard of Review

Due to the severity and permanency of the termination of parental rights, an appellate court applies a heightened standard in reviewing the sufficiency of the evidence to support a termination. *See In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *In re S.L.*, 188 S.W.3d 388 (Tex. App.-–Dallas 2006, no pet.). The question the appellate court must answer is whether the proof is such that a reasonable fact finder could have formed a firm belief or conviction about the truth of the allegations. *See In re J.F.C.*, 96 S.W.3d 256, 265-66 (Tex. 2002). In reviewing the legal sufficiency of the evidence, the court considers all the evidence in the light most favorable to the finding. *Id.* at 266. In conducting this review, the court assumes the fact finder resolved disputed facts in favor of the finding if a reasonable fact finder could do so and disregards all evidence that a reasonable fact finder could have disbelieved or found to have been incredible. *Id.* In reviewing the factual sufficiency of the evidence, the court considers disputed and conflicting evidence and will conclude the evidence is insufficient only if, in light of the entire record, it determines the disputed evidence is so significant that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *Id.*

---

[4] *See Holley v. Adams*, 544 S.W.2d 367, 371-72 (Tex. 1976).

*C. Application of Law to Facts*

In arguing the evidence is legally and factually insufficient to support the termination, Father does not dispute the children were removed due to neglect, the children were in the temporary managing conservatorship of CPS for at least nine months, or the existence of a court order specifying the actions necessary for the return of his children. *See* TEX. FAM. CODE ANN. § 161.001(1)(O). Nor does he dispute the MSA meets the statutory requirements of section 153.0071 or allege he is a victim of family violence. *Id.* § 153.0071(d), (e-1). His sole complaint with respect to the MSA itself is that he signed it under pressure and "great duress," but nothing in the record supports that. *See* TEX. R. APP. P. 38.1(i). In fact, the MSA stipulates that the parties entered into it freely, without duress, and with the advice and consent of counsel. Because no allegation of family violence was made, the trial court was required to rule on the MSA without a determination of whether it was in the children's best interest, and Father was bound by the terms of the MSA which provided that he failed to fully complete court-ordered services and that termination of his rights were in the children's best interest. *See id.* § 153.0071(e); *see also Lee*, 411 S.W.3d at 447; *I.G.*, 383 S.W.3d at 771 (concluding evidence legally and factually sufficient to terminate under "O" where Father admitted he failed to fully comply with provisions of court order that specified actions necessary for return of children).

Moreover, other evidence also supports the termination. Although the evidence shows the children were returned to Father after he completed parenting classes, submitted to a psychological evaluation, and began attending counseling, the evidence also shows that just one month prior to trial he was found not to have adequate food for the children and being evicted from an apartment located in a complex that was subsequently condemned due to safety concerns. This was consistent with the pattern of behavior he had shown prior to the return of his

children and contrary to the requirement that he maintain safe housing and provide the children basic necessities, such as food and shelter.

We conclude, on this record and applying the proper standard of review, the trial court could have reasonably formed a firm belief or conviction that Father failed to comply with the requirements for the return of his children and that termination was in the children's best interest. *See*, *e.g.*, *In re A.M.*, 385 S.W.3d 74, 82-84 (Tex. App.-–Waco 2012, pet. denied) (concluding evidence factually sufficient to support best interest prong even though Mother showed recent improvements where evidence also showed, among other problems, that Mother had history of neglecting and endangering the children, had unstable housing, and unstable employment); *In re J.S.*, 291 S.W.3d 60, 66 (Tex. App.-–Eastland 2009, no pet.) (concluding evidence legally and factually sufficient to support termination on "O" grounds where evidence showed that, while Mother complied with visitation, medication, and counseling requirements, she failed to achieve goals of maintaining safe and appropriate housing and providing for her children's needs). We resolve Father's two issues against him.

## III. CONCLUSION

Having resolved Father's two issues against him, we affirm the trial court's judgment.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
131577F.P05                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.A.S.C., J.A.L.C., N.D.C, AND G.S.C, CHILDREN

No. 05-13-01577-CV

On Appeal from the 301st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-12-08960-T.
Opinion delivered by Justice Lang.   Justices FitzGerald and Fillmore participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 22nd day of April, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE