**Affirmed and Opinion Filed October 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-15-00671-CV

### IN THE INTEREST OF N.B., D.B., AND J.B., CHILDREN

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JD-13-01362-W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

The parents of three children, N.B., D.B., and J.B., appeal the trial court's order terminating their parental rights. Father argues (i) that the evidence is legally and factually insufficient to support the trial court's findings supporting the termination of his parental rights, (ii) that he received ineffective assistance of counsel, and (iii) that the evidence is legally and factually insufficient to support the appointment of the Dallas County Child Protective Services Unit as the children's permanent managing conservator. Mother's counsel filed an *Anders*[1] brief and motion to withdraw. We affirm.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

## I. BACKGROUND

In December 2013, the Texas Department of Family and Protective Services filed an original petition against Father and Mother alleging that their children had been taken into the Department's custody and that there was a continuing danger to the children's physical health or safety if they were returned to their parents. N.B. was ten years old at the time, D.B. was six, and J.B. was four. The Department sought termination of the parent–child relationship if reunification could not be achieved.

On January 8, 2014, the trial court signed a temporary order appointing the Department temporary managing conservator of the children. The same order required Father, upon release from incarceration, to participate in (i) psychiatric evaluation, (ii) BIPP[2] counseling, (iii) drug/alcohol assessment, and (iv) random drug and alcohol urinalysis or hair strand test within 24 hours of a request. It also required him to follow through with any recommendations made by the service providers. The order imposed similar requirements on Mother.

Mother and Father answered.

Mother, Father, and persons representing Dallas County Child Protective Services and Dallas CASA signed a "binding mediated settlement agreement" (MSA) dated October 20, 2014. Section 2 of the MSA provided that the children would be returned to the parents if both parents successfully completed certain programs and met certain goals by February 20, 2014.[3]

Section 3 stated the parents' obligations during a "monitoring period" that would be ordered if the children were returned to them. Section 3 contained the following provisions:

> If a removal of the children occurs during the monitoring period, and the court does not return the children to the parents at the conclusion of the 14 day hearing, CPS shall request termination of the parental rights of the parents pursuant to

---

[2] Other documents in the record indicate that BIPP stands for "batterers intervention prevention program."

[3] The parties obviously made a mistake by agreeing in October 2014 to a deadline that had already passed in February 2014—eight months earlier. They apparently intended a deadline of February 20, 2015.

Section 161.001(1)(O) of the Texas Family Code, if applicable, or based upon Affidavits of Relinquishment of Parental Rights, if executed, or based upon Sections 161.001(1)(D) and (E) if no other[] grounds are applicable and best interest and the parents agree to the termination of their parental rights pursuant to this section of the Agreement.

Section 4 of the MSA provided as follows:

If the children are not returned to the parents pursuant to Section 2 of this Agreement, CPS shall request termination of the parental rights of the parents as outlined in Section 3 of this Agreement *and the parents agree to the termination of their parental rights pursuant to this Section of the Agreement*.

(Emphasis added.)

In December 2014, the trial court signed an order extending the Department's temporary conservatorship of the children and set the case for jury trial on April 6, 2015.

On April 1, 2015, the trial court conducted a hearing. It is not clear what prompted this hearing, but the reporter's record shows that the issue presented was whether Mother's and Father's parental rights should be terminated based on the terms of the MSA and Mother's failure of two drug tests. At the conclusion of the hearing, the trial court orally found that Mother and Father had committed conduct prohibited by Texas Family Code § 161.001(1)(O) and that termination of their parental rights was in the best interest of the children.

A month after the hearing, the court signed a decree terminating both parents' parent–child relationships with all three children. The MSA was attached to the judgment and incorporated by reference. Mother and Father appealed.

## II. FATHER'S APPEAL

**A.    Issues One Through Four:  Was the evidence sufficient to support termination of Father's parental rights?**

The trial court terminated Father's parental rights based on findings that (1) Father had failed to comply with a court order, thereby satisfying family code § 161.001(1)(O)[4] and (2) termination was in the best interest of the children.  Father's issues one and two argue that the evidence is legally and factually insufficient to support the § 161.001(1)(O) finding.  Father's issues three and four argue that the evidence is legally and factually insufficient to support the best interest finding.

### 1.    Applicable Law and Standard of Review.

Under the applicable version of § 161.001, the trial court could terminate the parent–child relationship if it found by clear and convincing evidence: (i) any of the facts listed in § 161.001(1)(A)–(T) and (ii) that termination was in the best interest of the child.  *See In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002).  In this case, the trial court relied on former § 161.001(1)(O), which authorized termination of the parent–child relationship if the parent

> failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child.

Act of May 24, 2005, 79th Leg., R.S., ch. 508, 2005 Tex. Gen. Laws 1395 (amended 2015) (current version at TEX. FAM. CODE § 161.001(b)(1)(O)).  "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established."  TEX. FAM. CODE ANN. § 101.007 (West 2014).

---

[4] Shortly before the trial court signed the order, the legislature amended § 161.001 and renumbered prior § 161.001(1)(O) as § 161.001(b)(1)(O).  The substance of subsection (1)(O) was not changed.

Section 153.0071, concerning mediated settlement agreements, is also relevant to this case. If a mediated settlement agreement meets certain statutory requirements, "a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." *Id*. § 153.0071(e). There is an exception to this rule for certain situations involving family violence, *id*. § 153.0071(e-1), but no one argues that the exception applies to this case.

We apply a heightened standard of review when reviewing the sufficiency of the evidence to support a termination order. *In re J.A.S.C.*, 430 S.W.3d 544, 548 (Tex. App.—Dallas 2014, no pet.). The question we must answer is whether the proof is such that a reasonable fact finder could have formed a firm belief or conviction about the truth of the allegations. *Id*. In our legal sufficiency review, we consider all the evidence in the light most favorable to the finding. *Id*. We assume the fact finder resolved disputed evidence in favor of the finding if a reasonable fact finder could do so, and we disregard all contrary evidence that a reasonable fact finder could have disbelieved or found incredible. *Id*. In our factual sufficiency review, we consider disputed and conflicting evidence and conclude the evidence is insufficient only if, in light of the entire record, the disputed evidence is so significant that a reasonable fact finder could not have resolved that disputed evidence in favor of its finding. *Id*.

### 2. Has Father adequately briefed his challenge to the trial court's § 161.001(1)(O) finding?

The decree of termination includes the following finding:

> The Court finds that [N.A.B.], the father of the children, has failed to comply with the provisions of a court order that specifically established the actions necessary for the father to obtain the return of the children who have been in the permanent or temporary managing conservatorship of the Texas Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under chapter 262 for the abuse or neglect of the children, pursuant to Section 161.001(1)(O) of the Texas Family Code.

This provision is followed by the handwritten words "PER MSA." That handwritten addition is followed by two sets of handwritten initials that appear to be those of Father's attorney and an assistant district attorney.

Father argues that there is insufficient clear and convincing evidence that he failed to comply with a court order under circumstances that satisfy former § 161.001(1)(O). The trial court's January 8, 2014 order required Father to do four things upon release from incarceration. Father argues that the Department did not present any evidence at the termination hearing that Father had failed to do any of those things. He points out that the only witness at that hearing was a CPS caseworker who testified that Father had complied with everything the Department asked him to do.

However, Father does not address whether the MSA fills the alleged gap in the Department's evidence against Father under § 161.001(1)(O). The Department's theory, both here and in the court below, is that (i) Father agreed that his rights could be terminated under § 161.001(1)(O) if either he or Mother failed to comply with the MSA, (ii) the evidence showed that Mother failed two drug tests, and thus (iii) the trial court had to enforce the MSA by terminating Father's rights. Father does not dispute the Department's characterization of the MSA, nor does he present any argument disputing that the MSA supplies the necessary evidence for termination of Father's rights under § 161.001(1)(O). Although he argues in his fifth issue that his attorney was ineffective when he allowed Father to sign the MSA, he does not argue that the MSA should be invalidated, set aside, or denied evidentiary value for that reason.

We conclude that these circumstances trigger the familiar principle that we must affirm a judgment if the appellant does not attack every independent basis that supports it. *See Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423–24 (Tex. App.—Dallas 2009, no pet.). The trial court specifically referenced the MSA in support of its finding that termination was proper under

§ 161.001(1)(O), but Father does not address the MSA in his evidentiary sufficiency argument. In fact, Father's brief specifically states that he will address the MSA only in connection with his ineffective assistance of counsel argument.

Because the trial court relied on the MSA when it ruled that Father's rights should be terminated under § 161.001(1)(O), and Father does not address the MSA in his first two issues, we must overrule those issues.

### 3. Has Father adequately briefed his challenge to the trial court's best interest finding?

The foregoing analysis also defeats Father's third and fourth issues, in which he argues that the evidence is legally and factually insufficient to support the trial court's finding that termination of Father's parental rights is in the children's best interest. Although the trial court did not specifically rely on the MSA in support of its best interest finding, the MSA was the basis of the Department's argument for termination at the hearing, and the trial court attached the MSA to its decree and incorporated it therein. Again, Father expressly declines to address the MSA in his evidentiary sufficiency argument under issues three and four.

Because Father has not addressed every independent basis for the trial court's ruling that termination was in the children's best interest, we overrule his third and fourth issues.

### B. Issue Five: Has Father shown that he received ineffective assistance of counsel?

Father's fifth issue argues that he received ineffective assistance of counsel. We are not persuaded.

Indigent persons have a statutory right to counsel in parental-termination cases. *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003) (citing TEX. FAM. CODE ANN. § 107.013(a)(1)). That right encompasses a right to effective counsel. *Id.* When evaluating an effective assistance of counsel claim, we employ the familiar test from *Strickland v. Washington*, 466 U.S. 668 (1984). *In re M.S.*, 115 S.W.3d at 544–45. The party claiming ineffective assistance must show both (i)

–7–

that the attorney's performance was so deficient that he or she was not functioning as the counsel guaranteed the party by law, and (ii) that the attorney's errors were so serious as to deprive the party of a fair trial. *Id.* at 545. We give great deference to counsel's performance, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* Conduct constitutes ineffective assistance of counsel only if it is so outrageous that no competent attorney would have engaged in it. *Id.*

Father did not assert ineffective assistance in the trial court. Our sister courts, however, hold that an ineffective assistance claim may be raised for the first time on appeal in a termination of parental rights case. *See Doe v. Brazoria Cty. Child Protective Servs.*, 226 S.W.3d 563, 576 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *In re K.K.*, 180 S.W.3d 681, 683–84 (Tex. App.—Waco 2005, no pet.). We will assume without deciding that this is correct.

We conclude that Father has not carried his burden of showing deficient performance by his attorney. "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *In re A.A.*, No 05-07-01698-CV, 2008 WL 2514346, at *2 (Tex. App.—Dallas June 25, 2008, no pet.) (mem. op.). Father argues that his attorney was ineffective in three ways: (i) he allowed Father to agree to the MSA, which made Father's rights contingent on both Father's and Mother's compliance with its terms, (ii) he failed to object to certain unspecified evidence offered by the Department, and (iii) he advised Father to agree to termination of parental rights without a full understanding of the evidence required to terminate parental rights under § 161.001(1)(O). Father, however, provides no record citations and little explanation in support of these contentions. He points to no evidence demonstrating that counsel's decisions were not consistent with a reasonable litigation strategy under the circumstances. Accordingly, we conclude that Father has not carried his

burden to overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See In re M.S.*, 115 S.W.3d at 545.

We thus reject Father's fifth issue.

## C. Issue Six: Did the trial court abuse its discretion by appointing Dallas County Child Protective Services as the children's managing conservator?

Father's sixth issue argues that the trial court erred by appointing Dallas County Child Protective Services instead of him as the children's managing conservator.[5]

The burden of proof in the trial court on the issue of conservatorship is a preponderance of the evidence, not clear and convincing evidence. *See In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007). We review the trial court's ruling under the abuse of discretion standard, and we may reverse only if the ruling was arbitrary and unreasonable. *Id.*

Father argues that § 153.131 creates a presumption that a parent should be appointed managing conservator of his or her child. *See* TEX. FAM. CODE ANN. § 153.131. But the trial court terminated his parental rights, which means he is no longer the children's "parent" for conservatorship purposes. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 268, 2005 Tex. Gen. Laws 621 (amended 2015) (current version at TEX. FAM. CODE § 101.024) ("Except as provided by Subsection (b) [concerning child support and medical support], the term ["parent"] does not include a parent as to whom the parent–child relationship has been terminated."). Thus, the presumption does not apply.

Moreover, § 161.207 provides, "If the court terminates the parent–child relationship with respect to both parents or to the only living parent, the court shall appoint a suitable, competent adult, the Department of Protective and Regulatory Services, a licensed child-placing agency, or an authorized agency as managing conservator of the child." Act of April 6, 1995, 74th Leg.,

---

[5] Some parts of Father's argument suggest that he intends to assert his sixth issue only if we reverse the termination of his parental rights. But because he does not clearly condition his sixth issue on such a reversal, we address it.

R.S., ch. 20, 1995 Tex. Gen. Laws 113 (amended 2015) (current version at TEX. FAM. CODE § 161.207(a)). When a trial court terminates a parent–child relationship, the trial court's appointment of a governmental agency as sole managing conservator may be a consequence of that termination pursuant to § 161.207. *In re J.R.W.*, No. 14-12-00850-CV, 2013 WL 507325, at *12 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, pet. denied) (mem. op.); *In re A.W.B.*, No. 14-11-00926-CV, 2012 WL 1048640, at *7 (Tex. App.—Houston [14th Dist.] Mar. 27, 2012, no pet.) (mem. op.).

We conclude that Father has not shown an abuse of discretion and reject his sixth issue.

### III.   MOTHER'S APPEAL

Mother's court-appointed counsel filed an *Anders* brief, concluding after a diligent review of the record that Mother's appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967); *In re D.D.*, 279 S.W.3d 849 (Tex. App.—Dallas 2009, pet. denied). Counsel also moved to withdraw.

In this situation, our duty is to determine whether there are any arguable grounds for reversal and, if there are, to remand the case to the trial court for appointment of new counsel. *In re D.D.*, 279 S.W.3d at 850. The *Anders* brief presents a professional evaluation of the record explaining why there are no arguable grounds for reversal. Counsel reviewed the record, explained the factual background of the case, and concluded that the MSA complied with the family code. Counsel further concluded, after diligently reviewing the record and the applicable law, that the appeal was frivolous and without merit.

This Court sent Mother a copy of the brief and notified her of her right to review the appellate record and file a pro se response. Mother did not respond. We have reviewed the record and the brief. The record does not reflect any arguable grounds for reversal, and we

conclude that Mother's appeal is frivolous and without merit. We grant counsel's motion to withdraw.

## IV. DISPOSITION

For the foregoing reasons, we affirm the trial court's decree of termination.


150671F.P05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF N.B., D.B., AND
J.B., CHILDREN,

No. 05-15-00671-CV

On Appeal from the 304th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. JD-13-01362-W.
Opinion delivered by Justice Whitehill.
Justices Francis and Lang-Miers
participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered October 23, 2015.